United States Courts
Southern District of Texas
FILED

DEC 1 7 2009

Clerk of Court

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

Houston Division


Jesus Alejandro Osorio
  # 39437-179

§

v.
           Case No.: 4:06CR 89-007

§

United States of America

---

Motion Under 28 U.S.C. § 2255 To Vacate,

Set Aside, or Correct Sentence

---

Comes Now Petitioner, Jesus Alejandro Osorio, proceeding pro
se, respectfully moves this Honorable Court To Grant To Vacate,
Set Aside, or Correct Sentence pursuant to Title 28 U.S.C.§ 2255
and now invokes all the privileges of **Haines v. Kerner**, 404 U.S.
519, 30 L.Ed.2d 652, 92 S.Ct. 594 (1972)"...holding all statements
to less stringent standards as schooled, practicing attorneys
and Petitioner is a layman in legal aspects and prays for the
Court's leniency.


### Factual Background

On February 21, 2006, Agents and Task Force Officers were
on surveilance of three residences and four vehicles which was ini-
tiated at approximately 9:30 A.M.; Petitioner was at work that day
and did not leave work till approximately 8:30 PM. Petitioner had
no influence, help or had any connections this surveilance was be-
ing carried out and nowhere in the videos, audios or photographs
that a criminal act was being accomplished. In fact, when Petitioner
was picked up and taken to a residence, not his, and as soon as he
arrived there, he went to sleep watching TV.

By the evidence gathered, Petitioner's actions totally did not reflect he was involved in distribution of drugs and seeing his lifestyle and bank accounts, Petitioner had no means, financially or personally, to be involved in drugs, especially to the Government's worth of cocaine seized had a value of four and a half million dollars.

At approximately 11:00 PM, Petitioner was awakened and agreed to be taken to his apartment. Within a fifteen minutes trip the vehicle he was a passenger in was stopped on a traffic violation, however, no citations were issued, and in fact, when the Houston Police officer took the driver out of the vehicle, he was handcuffed and placed in a marked police car. Then the passenger, Petitioner, was handcuffed and placed in another police car. Then, one of the police officers drove the vehicle around a corner away from the scene of the traffic stop.

When the officer came back, he asked Petitioner did he know there was cocaine in the vehicle? Petitioner stated "No". Then the officer asked "can we have permission to search his "residence". Petitioner stated:"Sure, I have nothing to hide, especially drugs".

Petitioner was taken to his residence at 3737 Watonga, Apt. 16, whereas the search resulted in finding cocaine residue on a scale, a couple of small plastic corners with residue and a couple of rolls of plastic wrap that Petitioner used in his Printing Business to ship orders through Mail or Delivery Services.

Petitioner was then placed in Pasadena Police Department on a federal hold. Next day the preliminary hearing charged Petitioner with Conspiracy To Possess with the intent to Distribute 5 kilograms of cocaine. Naturally, Petitioner plead not guilty and demanded a Jury Trial. Petitioner was not involved in this conspiracy at all.

On November 15, 2006, a Five-Day trial resulting in a conciction on November 20, 2006. On May 30, 2007, Petitioner was sentenced to One Hundred Fifty One months with a Supervised Release for a term of 5 years. Petitioner filed Appeal on June 22, 2007.

2.

On July 25, 2007, Assistant Federal Public Defender Timothy W. Crooks was appointed to handle the Appeal. The Fifth Circuit Court Appeals Case No.: 07-20464 Affirmed the District Court's Judgment.

The Federal Public Defender timely appealed and the Judgment was Affirmed in the Supreme Court No. 08-7251 on whereas "Petition for a Writ of Certiorari is denied".

## Grounds for Reconsideration

(1) Brady/Jencks Material

(2) Ineffective Counsel/Conspiracy

(3) Moving the Vehicle from traffic stop

(4) Canine dog alertness

(5) Arrest

(6) Reliability of Co-conspirators' Confession/tainted testimony

(7) Petitioner's Involvement (P.646 Transcript).

### (1)
### Brady/Jencks Material
### Surveilance

**Petitioner's case** initiates with the government placing him under surveilance violating his Constitutional Rights to the right of privacy. The Government omitted the probable cause to invade his privacy, a Fourth Amendment violation. Pursuant to **Brady** and **Jencks** Petitioner had the right to know why his privacy was violated and all the evidence leading up to surveilance.

**U.S. v. Capers,** 61 F.3d 1100 (4th cir. 1995) "Jencks' Act, by its terms" applies only to statements in the possession of the United States. **U.S. v. Hodgkiss,** 116 F.3d 116 (5th cir. 1997) "debriefing notes were statements of debriefing agents, generally related to subject matter of their testimony, and thus subject to discovery under Jencks Act". DEA agent Cornelius never revealed what led up to invasion of Petitioner's privacy.

3.

"Suppression of favorable evidence violates due process
"Brady v. Maryland, 373 U.S. 82 10 L.Ed.2d.215, 83 S.Ct. 1194
(1963), and Brady obligations apply to a prosecutors conduct even
when the defense has not requested the discovery of exculpatory
evidence," McCambridge v. Hall, 266 F.3d 12, (1st cir. 2001);
both agent Cornelius or U.S.Attorney subterfuged the production
of Brady Material and refused to let defense mount a more judicial
fairness. All humans make mistakes. "Brady Material must be dis-
closed in time for its effective use at trial", U.S. v. Gil, F.3d.
93 (2nd cir. 2002)."In criminal cases, the prosecution has a duty
to disclose all material evidence that is favorable to the accused",
Horton v. Mayle, 408 F.3d 570 (9th 2004).

Prosecutor withheld valuable information from Petitioner's
counsel, denying him his access to the courts, surely Petitioner's
counsel was ineffective in this regard, however, the U.S. Attorney's
only surmise that the "evidence/surveilance reasons could have
acquitted the least of all defendnats, the Petitioner.

### (2)
### Ineffective Assistance of Counsel/
### Conspiracy

The Petitioner's counselor at trial failed to address several
issues that "was/were" supposed to vindicate Petitioner as a non-
conspirator:

        (1) lack of cooperative during conspiracy,

        (2) No interests, financially or personally involvement;

        (3) failed to obtain full discovery, and

        (4) presenting the undiscovered evidence.

"Sixth Amendment right to effective assistance of counsel can
be violated if counsel failed to raise a significant and obvious
state law claim", N-Franco v. Murray, 313 F.3d 112 (2nd cir. 2002).

The evidence, submitted and unsubmitted, was both ineffective
assistance of counsel and/or Prosecutorial misconduct. "The purpose
of a Kastigar hearing is to determine if the government's evidence
was obtained in violation of the defendant's Fifth Amendment Rights
(attorney-client)", U.S. v. McKee, 192 F.3d 535 (6th cir. 1999).

Petitioner cannot, legally and procedurally, be arrested just because he "knew" the participants of the conspiracy. "Evidence of association or acquaintance, though relevant, is not enough by itself to establish a conspiracy" **U.S.v.Collins**, 340 F.3d 672 (8th cir. 2003). Petitioner was not involved in the conspiracy because he was at work all day, this shows "if" he was involved as the government's accusations was that the value of cocaine seized was four and a half million dollars, why would be be at work making ten (10.oo) dollars an hour, all day long. This is nothing but common sense, he did not want to deal in drugs. "Mere presence and nervousness are insufficient to establish voluntary participation in a conspiracy to distribute narcotics. **U.S.v Arnold**,   416 F.3d 349(5th 2005).

### Traffic Stop

"**Each occupant** of a car has a right to challenge the propriety of a traffic stop under the Fourth Amendment", **U.S. v. Woodrum,** 202 F.3d 1 (1st cir. 2000). The prosecutor's witness, DEA Agent Cornelius testified at trial that the drugs found hidden could not either be smelled or seen; it would take a process of dismantling part of the auto with tools that were not in the van. This proves Petitioner did not know that drugs were present and again the Government failed to place the Petitioner with the co-defendants because he was at work all day and if he knew drugs were present he would never have been a passenger risking going to jail for something he had no financial or personal interests in.

The Houston Police Officer who made the traffic stop for vehicle citations never issued a traffic ticket, this shows no probable cause to stop vehicle. In **U.S. v. Childs**,   256 F.3d 559 (7th cir. 2001), "(1) Government bears the burden of establishing that police officer had probable cause to make vehicle stop, and
(2) Government bears burden of establishing that there was reasonable suspicion to exceed original scope of traffic stop".
Furthermore, the officer who made the traffic stop, after arresting Petitioner and placed him in the officer's car, then moved the vehicle from traffic stop to around the corner of sight of Petitioner.

Petitioner never saw the drugs found in the vehicle, so, Petitioner
was arrested unconstitutionally. Besides, Petitioner, when told the
drugs were found in the vehicle, he consented to a search of his re-
sidence. The "police officer must have reasonable suspicion that a
suspect is involved in criminal activity" **U.S. v. Collins**, 314 F.3d
439 (9th cir. 2002).

## Canine Dog Alertness

   **Petitioner never** saw the Drug Canine "alert" to cocaine and
when the vehicle was moved, the "chain of responsibility" was effect-
uated against Petitioner," Law enforcement techniques that are shock-
ing to the universal sense of justice mandated by the due process
clause violate the Constitution", **U.S. v. Nyhuis,** 211 F.3d 1340
(11th cir 2000) also "There is no good faith exception to the exclu-
sionary rule for police who do not act in accordance with governing
law", **U.S. v. Twilley,** 222 F.3d 1092 (9th cir. 2000) "Search of auto-
mobile, following investigative TERRY stop, is strictly limited to
weapon search", **Price v. Kramer**, 200 F.3d 1237 (9th cir. 2000).

   The police officers at the scene of traffic stop, handcuffed
and arrested Petitioner without probable cause. "Transporting Pe-
titioner to police station for fingerprinting without probable
case warrant, or consent held violative of Fourth Amendmant", **Hayes
v. Florida,** 470 U.S. 811, 84 L.Ed.2d 705, 105 S.Ct. 1643 (1985).

## Arrest
## Aiding and Abetting

   Petitioner was falsely accused and arrested of aiding and abet-
ting because he was not present on any conversations/actions of co-
defendants; the audios, videos and surveilance show the Petitioner
was not present, - "Defendant's mere presence at scene or even know-
ledge that a crime is being committed is generally insufficient to
establish aiding and abetting", **U.S. v. Downs Moses**, 320 F.3d 253
(1st cir. 2003); And "Two types of conduct that fail to prove aiding
and abetting are "mere presence" and guilt by association", **U.S. v.
Anderson**, 174 F.3d 515 (5th cir 1999), **U.S. v. Heath**,188 F.3d 916
(7th cir 1999).Petitioner was at work all day, cannot be responsible
for co-defendant's actions or crimes.

for co-defendant's actions or crimes.

## Witness's Statements

The two co-defendants' statements were made on promises of
leniency and an admitted felons statements must be treated biasly.
"Bias","which is always relevant in assessing a witness's credi-
bility, is the relationship between a party and a witness which
may/might lead the witness to slant, unconsciously or otherwise,
his testimony in favor of or against a party", U.S. v. Jackson-
Randolph, 282 F.3d 369 (6th cir 2002). "The confession of an ac-
complish is presumptively unreliable" Howard v. Walker, 406 F3d.
114 (2nd cir 2005).

The witness only wanted a lesser sentence, surmising that the
statements made by admitted felons should be disregarded as truth-
full statements/testimony. The witness(s) testified (them) that
they were "consuming cocaine", so testimony is tainted beyond a
resonable doubt.

## Petitioner's Involvement

The trial transcripts on page 646 lines 8 thru 13 state "You
heard from the witness stand that Mr. Arias was asked by other in-
dividuals besides the three he went with." "No, Mr. Osorio (Peti-
tioner) didn't touch the drugs". That's the paid government witness
testifying Petitioner's non-involvement, he was telling the truth...
he's stating exactly what he knows". This is a witness that knew
everything that went on in the inside of all houses and vehicles.
And... he did not know Mr. Osario so he had no reason to falsely
testify. "Government may not attempt to prove a defendant's guilt
by showing that he associates with unsavory characters" Beathard v.
Johnson, 177 F.3d 340 (5th cir 1999),

## Evidence Seized At
## Petitioner's Residence

The **evidence** seized at Petitioner's residence, namely the plastic wrap and personal use of cocaine was not part of the indictment and should be dismissed. Petitioner reserves the right to file addendum to this Section § 2255 after receivership of aff his records he is in process of obtaining.

## Conclusion

By **all** evidence and premises considered, Petitioner was "only" a passenger in the vehicle that was stopped for traffic violations, supposedly, because no traffic citations were issued, and stated by lead investigator, DEA Agent Cornelius on the witness stand. "No", Petitioner could neither smell nor see the drug(s) seized". A co-conspirator's statement(s) was inadmissable absent other proof of conspiracy, where "verbal acts" of the co-conspirator were only found within the offered statement and besides, he made a deal with the government to get a lenient sentence, so he had to have a good enough testimony", for the government to sentence him lenient over what he pled guilty to. Also, there was insufficient evidence of the defendant's participation in the conspiracy to allow admission of a co-conspirator, this was highly tainted and bias.

The fact that visitors to the house were affiliates of narcotics organizations is not sufficient by itself to transfer legal (albeit suspicious) activity into probable cause even when combined with an unusual amount of vehicular traffic. Furthermore, the reason that DEA had set-up surveillance, invading into Petitioner's privacy, was the probable cause for surveilance."Experience hath shown, that even under the best forms of [government] those entrusted with power have in time, and by slow operation, perverted it into a tyranny", **Thomas Jefferson**. Agent Cornelius's actions on this case leads to how to bend rules and regulations. Crime is contagious!

If the government becomes the lawbreaker, it breeds contempt
for the law. The interest of freedom in the United States in a cri-
minal prosecution is not that it shall win the case, but that justi-
ce will be done to all defendants, for those who fight for it, life
has a flavor the sheltered will never know.

The fifteen hour surveilance of "suspected drug conspiracy"
unless the Agents had information that the Petitioner was a co-con-
spirator and that he was "a passenger in a type of vehicle known to
conceal drugs behind side panels" this stop of the vehicle, the sub-
sequent dog sniff, the search of the car and the search of the house
should have been suppressed". Because the officer was not interested
in giving the defendant a warning or citation for driving a vehicle
with no visible license plate (he did not notice the lack of a li-
cense plate until he began to follow/but rather wanted to stop the
vehicle to conduct an investigatory drug stop based only on suspici-
ous activity observed earlier, the stop and search was pretextual
and illegal", **U.S. v. Ferguson,** 989 F.2d 202 (6th cir 1993). "When
the agants (police officers) placed the defendant in the back of the
police car they went beyond the limits of **Terry** and since there was
no probable cause, this arrest was illegal," **U.S. v. Richardson,**
949 F.2d 851 (6th cir 1991)." The defendant's mere physical proximi-
ty to a suspected crime, making a furtive gesture of looking up and
down the street, and carrying a black opaque bag was insufficient to
support a finding of probable cause to justify arrest and search,"
**U.S. v. Ingrao,** 897 F.2d 860 (7th cir 1990). "Ambiguous conduct of
a person in proximity to crime scene does not establish probable
cause, **U.S. v. Pinion,** 800 F.2d 976 (9th cir 1986)" A police offi-
cer who stopped a car for speeding lacked probable cause to search
the car even though he smelled a deodorant. The car and driver were
from different states, there was an unsigned registration, and dri-
ver did not know to whom he was delivering the car or when,"**U.S. v.
Gonzales,** 763 F.2d 1127 (10th cir 1985). "Physical proximity to a
crime  combined simply with a brief association with a suspected crimi-
nal (when there is no other unlawful or suspicious conduct by the

party [Petitioner] cannot support a finding of probable cause,"
**U.S. v. Everroad**, 704 F.2d 403 (11th cir 1983).

### Relief

Petitioner respectfully moves this Honorable Court to set
aside his sentence and order for immediate release from incarce-
ration pursuant to the Constitution of the United States stating
that hard working citizens of America must enjoy the freedoms of
America without the invasion of privacy and lacking probable
cause  to arrest law abiding Americans. Petitioner had no involve-
ment in the instant case, he was at work all day while Agents
conducted surveilance on his place of abodement. Look at Petiti-
oner's work records, he has always worked at a stable job that re-
quired plastic wrap to mail packages, besides the same plastic
wrap can be bought city-wide. Petitioner has never been in trouble
in his life. Petitioner has always considered to stay away from
the drug trade; Petitioner had "settled" into a life of non-con-
fusion and NEVER having to look over his shoulders wondering if he
was ever going to lose his freedom of being arrested; surely the
government saw Petitioner had no interest in the drug trade...
Petitioner NEVER was drug involved.

Petitioner is guilty of pacifism... let all live their own
life. Mere association does not make him guilty of drug trade. Pe-
titioner had a choice to live a non-complicated life and his his-
tory shows he was NEVER in any kind of trouble... till this travesty
of justice. I sign this brief under all the pains and penalties of
perjury and I respectfully request my immediate release from incar-
ceration. I have suffered enough!

December 11, 2009

### Certificate of Service

I certify a copy of this brief was mailed to U.S. Attorney's Office,
910 Travis, Ste. 1500, Houston, TX 77702.

Jesus A. Osorio 34437-179
F.C.C. Beaumont-Low Unit 5-B
P.O. Box 26020
Beaumont, Tx. 77720-6020

Legal Mail

DATE _____ 12-16-09

The enclosed letter was processed through special mailing procedures for forwarding to you.
The letter has neither been opened nor inspected. If the writer raises a question or proclaim over
which this facility has jurisdiction, you may wish to return the material for further information or
clarification. If the writer encloses correspondence for forwarding to another addressee,
please return the enclosure to:
FEDERAL CORRECTIONAL COMPLEX
BEAUMONT, TEXAS 77720

United States District Court
Southern District of Texas
C/o Clerk of court
515 Rusk    1st Floor   Rm. 1217
Houston, Tx. 77208-1010

