U. S. District Court
Southern District of Texas
Houston Division

United States District Court
Southern District of Texas
FILED
JUN 0 3 2010
David J. Bradley, Clerk of Court

Jesus Alejandro Osario §
§
v. § Case No.: ~~CR-H-06-89~~
§ 4:06-CR-89
U.S.A. §

## MOTION TO SUPPLEMENT NEW ~~TESTIMONIAL~~ EVIDENCE TESTIMONIAL to § 2255 MOTION

Comes Now, the "Movant" Jesus Alejandro Ossario supplementing new testimonial evidence from the government's key witness German Arias, which was mailed to the Movant.

The Movant invokes the principles thereof HAINES v. KERNER 404 US 519.

## NEW EVIDENCE

The government's key witness whose testimony ~~was~~ caused the result of the Movants and his co-defendant's convictions,

pg 1 of 8

witness ARIAS has had a change of heart and disclosed the truth of the matter as to how the government unconstitutionally planned to convict the Movant and his Co-defendants.

In a sworn Affidavit, dated March 4, 2010; see Movant's "Exhibit ONE". ARIAS states that he wants to make things clear, that he was, ~~to there~~ while the judicial proceedings, not testifying the truth and the Movant herein claims that he is entitled to a new trial free-from coerced false testimonial evidences by the governments key witness, as indicated in Aria's Affidavit. The Movant also claims that his selected jury is entitled to know how the government with witness ARIAS planned to obtain the convictions; an Evidentiary should ~~issued~~ issue to remove the tainted testimony.

<u>THE Affidavit</u>

Aria's Affidavit is written in Spanish

pg 2 of 8

invoked herein is the 1st Amendment right to present Exhibit one in Spanish language. The Movant request that his Exhibit be translated into English language for the non-reading Spanish jurors and judges, so they may understand Arias's new testimony as to how the plan was planned to obtain the Movant's conviction.

Exhibit one, 1st page, 2nd and 3rd paragraphs, Arias states "....mas adelante consegui un abogado llamado IZGUIRRE, el cual dijo que queria que yo me hiciera culpable y que copere con el gobierno, y que me iban adar poquito tiempo y no me deportarian para mi pais." 3rd paragraph, "Asi que firme el acuerdo, luego me reuni con el fiscal, con los agentes, y mi abogado, entonces ellos me dijeron que yo tenia que testificar encontra de Sugentino Perciel y Eric Vasquez (co-defendants of Movant) si ellos no se daban culpable, y yo le dije al fiscal, a mi abogado, y a los agentes, que yo no iba a testificar

pg 3 of 8

en contra de esas personas porque ellos no estaban envelto en esten crimen que yo cometi." 4th paragraph, " Entonces ellos me dijeron que ya yo habia firmado el Acuerdo y que si no testificaba me podian dar 15 a 20 años de carcel y cargo por perjurio y me iban a deportar."

This new testimonial evidence clearly justifies that ARIAS rendered false testimony to prevent from ~~receiving~~ being charged for perjury and sentenced to a 15 to 20 years of jail followed by deportation, and the prosecution knew about it for he participated in the meeting while the threat occurred, yet failed to disclose it to the Court, jury, and to the Movant's Defense Counsel.

In violation of Due Process, ~~the~~ while ARIAS contaminated the whole trial and Movant's Defense Counsel struggled ineffectively through the contamination, the prosecution remained silent and said nothing, while ARIAS falsely testified,

pg 4 of 8

the prosecutor should have stopped the proceedings and disclosed the truth to the jury; correction should have taken place, as ARIAS had previously told the prosecutor, his lawyer, and the agents "that Percel and Vasquez were not involved in the crimes he (Arias) committed; see Movant's Exhibit one.

Arias's new testimony clearly brought light to the prosecution team's plan as to how they were to obtain the convictions upon the Movant and his co-defendant, having already knowing that Arias alone had been involved in his crime, without the knowledge by the Movant, Percel, and Eric Vasquez. The Movant argues that the jury and judge are entitled to know of such gross conduct by the prosecution team.

### AUTHORITIES AND CITATIONS TO GIVE THIS COURT AUTHORITY TO RULE ON MOVANT'S BEHALF

See Augurs,; Giglio ; Mesarosh

pg 5 of 8

Firstly, the facts show, as to ARIAS's new testimony, that the whole truth was not told to the jury and now reversal should take place to advise them of the truth, for then, once they are informed, perhaps ~~there~~ and probability the jury's determinations will result in an aquittal. The Supreme Court in <u>Mesarosh v. U.S.A.</u> 352 US 1, 1 LED 2d 1 (1956) held that "Truthfulness of testimony....." "The dignity of the U.S. Government will not permit the conviction of any person on tainted testimony."

See <u>US v Agurs</u> 427 US 97, 49 LED 2d 342, (1976); "Conviction obtained by knowing use of perjured testimony must be set aside if there is any reasonable liklihood that the false testimony could have affected the outcome of the trial. A new trial is required if perjured testimony could in any reasonable ~~way~~ likelihood have affected the judgement of the jury." The prosecutor was fully aware therein this case as to how they were to obtain

pg <u>6</u> of <u>8</u>

the convictions.

<u>US V Haese</u> 162 F3d 359 (5th Cir. 1998), "Defendant's conviction must be reversed on Due Process grounds where the government knowingly elicits, or fails to correct, materially false statements from its witnesses."

<u>Schaff v Snyder</u> 190 F3d 513 (7th Cir. 1999), "Prosecutor's knowing use of perjured testimony violates Due Process clause."

### Conclusion

The Movant asks this court to issue a reversal of conviction ~~An~~ or in the alternative an evidentiary hearing, or a new trial free from untruthful testimony. The jury alone only can make a determination based on new testimonial evidences provided by Arias. Therefore, ~~they are~~ entitled to know of it and consider ~~its~~ Arias's ~~change~~ change of heart with the disclosure of the truth about the plan to obtain the conviction upon ~~him~~ Osario.    pg. <u>7</u> of <u>8</u>

## Certificate of Service

I, Jesus Alejandro Osario, certify the foregoing Motion To Supplement was certified mailed to Clerk and USAtty's office; No. 7008 1830 0001 7037 0034.

I certify that I placed this motion in the hands of B.O.P Correctional officer today June 1, 2010, deem filed in court pursuant to Houston v Lack 487 US 266 (1988).

Copies were mailed to P.O. Box 61010 Houston, TX. 77208, Clerk and U.S. Atty. to the U.S. District Court.

Submitted By:

(X) __Jesus A Osorio__
      Jesus Alejandro Osario

Executed this 1st day of June, 2010.

pg 8 of 8

A QUIEN PUEDA INTERESAR

Exhibit One
two pages

YO, GERMAN RAFAEL ARIAS, dominicano, mayor de edad, soltero, provisto de la cedula de identidad y electoral No. 003-0073038-9, domiciliado y residente en la calle No. 6, Barrio 30 de mayo, Bani, Provincia Perevia, R.D., doy testimonio de lo que me sucedio con el gobieno de los Estados Unidos.

EL 21 de febrero de 2006 yo fui arrestado en Houston Texas, donde los Agentes Violaron mis derechos al detenerme en el vehiculo que yo guiaba, pues usaron la excusa de que la placa no tenia estiquer, y ni siquiera un tiquet me dieron, era una van rentada, la cual no le faltaba ningun estiquer, me sacaron del vihiculo, y sin yo darle permiso comenzaron a registrar por todo el vihiculo, ni siquiera me trajeron un interprete. por dos o tres veces rebuscaron en la van y luego encontraron 10 kilos de cocaina., mas adelante consegui un abogado llamado IZGUIRRE, el cual me dijo que queria que yo me hiciera culpable y que copere con el gobierno, y que me iban adar poquito tiempo y no me deportarian, para mi pais.

Asi que firme el acuerdo, luego me reuni con el fiscal, con los agentes y mi abogado, entonces ellos me dijeron que yo tenia que testificar en contra de SUGENTINO PERCEL Y ERIC VASQUEZ si ellos no se daban culpable; y yo le dije al fiscal, a mi abogado, y a los agentes, que yo noiba a testificar en contra de esas personas porque ellos no estaban envuelto en este crimen que yo cometi.

Entonces ellos me dijeron que ya yo habia firmado el acuerdo y que si yo no testificaba me podian dar 15 a 20 anos de carcel y cargo por perjurio y me iban a deportar.

Pues yo quiero aclarar que tanto SUGENTINO PERCEL Y ERIC VASQUEZ no estan envuelto en este crimen, en Houston Texas, el 21 de febrero de 2006, y que ellos no fueron los que me ayudaron a envolver los kilos en ningun momento, ni me ayudaron a guardarlo en la van., yo trate de que ellos no se dieran de cuenta de lo que yo hacia, yo me mantuve casi todo el tiempo en el cuarto de la casa que esta en la calle Alejo donde encontraron los 25 kilos., mientras que PERCEL Y VASQUEZ estaban en la sala mirando el television, jugando domino y bebiendo cerveza.

Pues con la presion que yo sentia de parte del abogado, del fiscal y agentes tube una depresion nerviosa, el doctor tuvo que ir a verme, y estuve bajo medicamento, que me daba el doctor, y eso mi abogado, el fiscal y los agentes lo sabian, cada vez que me iba a reunir con elfiscal y los agentes mi depresion nerviosa era mas fuerte por eso me tomaba algunas pastillas de las que me daba el doctor y asi lo hice el dia que fui a testificar al juicio, pues yo guardaba de esas pastillas, para cuando llegaban esos momentos de tanta depresion para mi.

Yo se que firme un accuerdo con el gobierno, pero no me aclararon todo por completo, si yo hubiece sabido que yo tenia que testificar en contra de PERCEL Y VASQUEZ yo no hubiece firmado el acuerdo y se lo dije a mi abogado con anticipacion, pero el me engano.

Tambien quiero aclarar que yo testifique en el juicio de que PERCEL Y VASQUEZ estuviron haciendo una transacion de 15 kilos de cocaina en noviembre, o diciembre de 2005 o en enero de 2006 eso nunca paso, eso no fue cierto, lo que paso fue que en una de las reuniones con el gobierno ellos me estaban presionando demaciado para que yo le dijera, cuando yo habia hecho otra transacion de droga, y yo le dije que en noviembre 2005 PERCEL Y VASQUEZ y yo hicimos una transacion de 15 kilos de cocaina, pero eso no fue cierto luego antes de que me llevaran al juicio a testificar, el fiscal me mando a decir con mi abogado que cuando me pregunten durante el juicio de la transacion del los 15 kilos de noviembre 2005, que contestara que la transacion fue hecha en diciembre o en enero, porque el se habia dado cuenta de que en noviembre 2005, PERCEL no estaba en los ESTADOS UNIDOS en ese mes.

Quiero aclarar que la persona que me hizo el favor de rentar el vehiculo, en el cual yo fui detenido fue LUZ ALVARADO la cual era mi amiga, desde que ella vivia en NEW YORK. yo la invite a HOUSTON TEXAS, pero ella no sabia que yo iba a hacer un negocio ilegal. yo le habia dicho otra cosa. todo lo que he dicho es cierto.

Y estoy dispuesto a pagar por esos errores que cometi al mentir, y testificar ante la corte de los ESTADOS UNIDOS, si asi se me require.-

Atentamente.

*[firma]*
GERMAN RAFAEL ARIAS,
Declarante.

YO, LIC. SANDRA DIAZ PINEDA, abogada notario publico de los del numero del municipio de Bani, miembro activa del Colegio Dominicano de Notarios Inc., con matricula No. 6320, CERTIFICO Y DOY FE: Que la firma que aparece en el presente acto fue puesta ante, libre y voluntariamente por el señor GERMAN RAFAEL ARIAS, el cual me declara que es la forma que acostumbra firmar siempre todos los actos de su vida diaria, por lo que merece entera fe y credito. En Bani, Provincia Peravia, R.D., a los Cuatro (4) dias del mes de Marzo del año Dos mil Diez (2010).-

*[firma y sello]*
LIC. SANDRA DIAZ PINEDA,

Jesus A. Osario
39437-179
FCI BMT Low Unit SB
P.O. Box 26020
Beaumont, Tx. 77720

Legal Mail

United States District Court
Southern District of Texas
RECEIVED
JUN 3 – 2010
Clerk of Court

RETURN RECEIPT REQUESTED

Clerk,
U.S. District Court
Southern District of Texas
P.O. Box 61010
Houston, Tx. 77208

FIRST CLASS

7008 1830 0001 7037 0034

